## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

Sharon Renee [Lloyd],
          Plaintiff

Vs.

CITIMORTGAGE, INC, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, FANNIE MAE,
CODILIS & ASSOCIATION, PC,
and Judge Anna M. Loftus,
          Defendants

FEB 1 8 2016

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

**16 CV 2374
JUDGE CASTILLO
MAGISTRATE JUDGE COLE**

COMPLAINT

COME NOW, Sharon Renee [Lloyd]/Executor/Beneficiary of the Trust Estate in question located at 327 North Menard in Chicago Illinois, filing this complaint on CITIMORTGAGE, INC., Anna M. Loftus, FEDERAL NATIONAL MORTGAGE ASSOCIATION & CODILIS & ASSOCIATES, PC for fraud and attempted theft by conversion. These corporations are continuously working a fraud trying to steal the homes from the American People would inherit the land under God's law and Anna M. Loftus gave these corporations a summary judgment in the fraudulent foreclosure case. These trustees are violating their trustee duties of assisting with the preservation of the land and fiduciary appointed duties to discharge all debt for the beneficiaries (which cannot be any corporation) from the trust account.

1. Sharon Renee [Lloyd]/Executor/Beneficiary is suing these corporations and Judge Anna M. Loftus for retootment and relief in the amount of $257,000,000.00 ($8,566,666.60 per Defendant) including the punitive damages **pursuant 15 U.S. Code 6604**.

2. Sharon Renee [Lloyd]/Executor/Beneficiary has been fighting this case for years (since 2012). Judge Anna M. Loftus granted a judgment for foreclosure and sale 9/30/2014 to CITIMORTGAGE, INC. unlawfully in chancery case 12 CH 044870 (**Exhibit A: 9/30/2014 Chancery Order**); after numerous judges recusal.

3. Judge Martin Paul Multz Jr. in the municipal court was tricked into an order by CODILIS & ASSOCIATES, PC on 9/17/2015 (**Exhibit B: Tricked into Order**); CODILIS & ASSOCIATES, PC did not stand when they were called to stand at the bench in regarding to case 15 M1 716968; because CODILIS & ASSOCIATES, PC did not stand the bench Judge Martin Paul Multz Jr. told me to have a seat and he will recall the case.

4. CODILIS & ASSOCIATES, PC were called to stand at the bench for another case the very same attorney that Judge Martin Paul Multz Jr. and I looked at when case 15 M1

716968 was called (and the judge asked the attorney for CODILIS & ASSOCIATES, PC was she coming to the bench; and she ignored the judge) at that time came to the bench.

5. When judge Martin Paul Multz Jr. called for CODILIS & ASSOCIATES, PC to come to the bench for another case, the judge again asked the attorney why did she not come to the bench when he had called her earlier, she gave am excuse that I did not hear and then she distracted him with the case that he had just called her to the bench for. At the same time, she also distracted him with personal conversation as he was ruling in that case and then she somehow had him rule in case 15 M1 716968 without recalling the case. Judge Martin Paul Multz Jr. provided her with the order for possession and then the attorney left the court room without providing me with an order. I, Sharon Renee/Executor/Beneficiary had to wait until all the cases were called to ask the judge why he did not recall my case like he stated that he would. Judge Martin Paul Multz Jr. apologized and provided me with the order and encouraged me to go to the sixth floor and spindle another court date; so I did **(Exhibit D: Spindle of new court date)**, I provided the sheriff office with a copy and I sent a copy to CODILIS & ASSOCIATES, PC.

6. The newly generated court date was for 9/28/2015 and CODILIS & ASSOCIATES, PC were in the court room yet again they did not stand at the bench when called; Judge Martin Paul Multz Jr. had me sit down and when he called me again CODILIS & ASSOCIATE, PC still did not stand at the bench so Martin Paul Multz Jr ordered to vacate his order of 9/17/2015 **(Exhibit E: Order vacating the 9/17/2015 order)** he also put in place another court date of 10/6/2015 where CODILIS & ASSOCIATES, PC again were there but they did not stand at the bench in regards to this case and Martin Paul Multz Jr. order to DWP **(Exhibit F: Order to Dismiss Will of Prosecution)**. Judge Martin Paul Multz Jr. kept this order and provided it to CODILIS & ASSOCIATES, PC himself.

7. The case was sealed. CODILIS & ASSOCIATES, PC filed a motion to have the case unsealed so that they can retrieve the last order of Judge Martin Paul Multz Jr. and then they filed a motion to have the order of 10/6/2015 vacated. Judge Martin Paul Multz Jr. on 1/28/2016 hereby ordered: "This matter is stricken as the court lacks jurisdiction" **(Exhibit G: Order of 1/28/2016)**. *Pursuant Thompson v. Smith, 154 SE 583 "When acting to enforce a statute and its subsequent amendments to the present date, the judge of the municipal court is acting as an administrative officer and not in a judicial capacity; courts in administrating or enforcing statues do not act judicially, but merely ministerially."* Judge Martin Paul Mults Jr. understood this case law, yet Judge Anna M. Loftus overlooked it and continue to act in a judicial capacity which was unlawful and pushed through an unlawful foreclosure **(Exhibit A: Anna M. Loftus 9/30/2014 Order)**.

8. CODILIS & ASSOCIATES, PC and FEDERAL NATIONAL MORTGAGE ASSOCIATION had been dismissed from trying to evict the

Executor/Beneficiary/Sharon Renee [Lloyd] from the Fee Simple Estate in which Sharon Renee is in possession and yet they (FEDERAL NATIONAL MORTGAGE ASSOCIATION and CODILIS & ASSOCIATES, PC) filed another motion to vacate Judge Martin Paul Multz Jr. 2/2/2016 which generated a court date for 2/18/2016. This fraud needs to stop now, so I/Sharon Renee [Lloyd]/Executor/Beneficiary is filing this formal complaint in the Northern District.

## COUNT I
## FRAUD Pursuant 740 ILCS 80/10

9. CODILIS & ASSOCIATES, PC is working in fraud as a debt collector for CITIMORTGAGE, INC & FEDERAL NATIONAL MORTGAGE ASSOCIATION in regards to the fee simple estate that Sharon Renee [Lloyd]/Executor/Beneficiary of the Trust Estate located at 327 North Menard Avenue in Chicago Illinois. This is a family fee simple which Sharon Renee [Lloyd] is not only a heir but Sharon Renee [Lloyd]/Executor/Beneficiary was also appointed power of attorney by Emily Simmons (Aunt) during the time of the foreclosure so that Sharon Renee [Lloyd] /Executor/Beneficiary could represent the fee simple estate in court.

10. *Pursuant 740 ILCS 80/10* CITIMORTGAGE, INC., FEDERAL NATIONAL, MORTGAGE ASSOCIATION, and CODILIS & ASSOICATES, PC is working a fraud in open court and Anna M. Loftus aided and abided these tyrants in abusing the trust system when plenty well known banks and lenders were sued by the STATE & FEDERAL for such foreclosure frauds (**Exhibit H: Federal & State Law Suit**). Page 3 in **Exhibit H** states "***The joint Federal-State agreement requires the mortgage servicers to implement unprecedented changes in how they service mortgage loans, handle foreclosures, and ensure the accuracy of information provided in federal bankruptcy court. The agreement requires servicing standards which will prevent foreclosure abuse of the past, such as rob-signing, improper documentation and lost paperwork, and create dozens of new consumer protections. The new standards provide for strict oversight of foreclosure to undertake pre-filing reviews of certain documents filed in bankruptcy court.***"

11. CITIMORTGAGE, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), CODILIS & ASSOCIATES, PC., and Judge Anna M. Loftus not only abused the trust system by allowing these corporations to act as the beneficiary in the fraudulent foreclosure case but they also misused and abused The Negotiable Instrument Act of 1881 by committing fraud with the promissory note (which is a negotiable instrument). **Pursuant "*The Negotiable Instrument Act of 1881," 13 "Negotiable Instrument: 'negotiable instrument' means a promissory note, bill of exchange or cheque payable either to order or to bearer.*"**

3

12. According to the Securitization Audit in regards to the fee simple in question for the family estate, **(Exhibit I: Securitization Audit completed by Prime Legal, p. 3, 5, & 9)** (3) *"Information on the Loan Mortgage – Promissory Note – Unknown (Promissory Note Note Available)"*; (5) *"The Parties to the Transaction – Loan and Mortgage – Borrower – Name – Emily Simmons, Co-Borrower – Name – Lee A. Davis, Beneficiary – Name – MORTGAGE ELECTRONIC REGISTRATION System"*; (9) *"Given these findings, the examiners have prepared the following diagram to illustrate how the lender and the parties to the securitization trust changed the typical process of securitization: Emily Simmons and Lee Davis, Borrowers; under Promissory Note → CITIMORTGAGE, INC. Lender → CITIGROUP GLOBAL MARKETS REALTY Trustee; and Deed of Trust → CITIMORTGAGE, INC. Mortgagee → MORTGAGE ELECTRONIC MORTGAGE SYSTEM, INC. Beneficiary;"* this is fraud; the Trustee's Deed states that Emily Simmons, Lee Davis and Heirs are the Beneficiaries to this land forever and this has been changed and is considered fraud.

13. Sharon Renee [Lloyd]/Executor/Beneficiary of the fee simple estate in question is at this time providing a newspaper article where a Borrower paid off their home with a promissory note **(Exhibit J: Borrower Used Promissory Note to Pay Mortgage Debt)**.

14. Sharon Renee [Lloyd]/Executor/Beneficiary would like to have the court also take a look at **Exhibit I: Securitization Audit, p. 10 "History of Transactions."** This section of the audit given a diagram of transactions presented in chronological order; and in the notes at the bottom of this page reads as follows:

> *"The Promissory Note and the Deed of Trust should be in the possession of US Bank, NA as trustee for the mentioned securitization trust pursuant to Section 2.02, Acceptance of the Trust Fund by the Trustee, of the Pooling and Servicing Agreement dated July 1, 2007. However, the Deed of Trust could be in the possession of Mortgage Electronic Registration Systems, Inc. It was created to eliminate the need for executing and recording the assignment of mortgages, with the idea that it would be the beneficiary on record (see separate report on MERS)." "Whether or not the Promissory Note bears the proper endorsements, and the Deed of Trust the proper assignments, could be ascertained only upon actual inspection of these documents."*

15. The Deed of Trust was in the possession of Emily Simmons and Lee A. Davis, and now has been provided to Sharon Renee [Lloyd]/Executor/Beneficiary by her aunt Emily Simmons after her uncle Lee A. Davis passed away **(Exhibit K: Trustees Deed)**. CITIMORTGAGE, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, CODILIS & ASSOCIATES, PC, and Judge Ann M. Loftus had committed fraud by abusing and misusing the trust system **pursuant 15 US Code 1 & 2**; and penalties and fines are due.

## COUNT II

## THEFT Pursuant 720 ILCS 5/16-1, A, 6.1

16. For the record, ***pursuant 720 ILCS 5/16-1 (A) (6.1)***:
    ***(A) "Intends to deprive the owner permanently of the use or benefit of the property;***
    ***(6.1) Theft of property exceeding $100,000.00 and ot exceeding $500,000.00 in value is***
    ***a Class 1 felony."***

17. **Pursuant Wallace v. Malooly, 4 Ill.2d 86, 122 N.E.2d 275 (1954) '*"trustee may breach***
    ***the duty to the beneficiaries by selling trust property to a corporation, partnership, or***
    ***other entity in which the trustee has a substantial interest."***

WHEREFORE, I Sharon Renee [Lloyd]/Executor/Beneficiary is demanding that this
complaint, the evidence and the case law in regards to this fraud and attempted theft is not
only recognized but the retootment and relief is provided to the Heir/Beneficiary/Executor
Sharon Renee [Lloyd] for damages is provided t the true Beneficiary to continue to preserve
the fee simple estate that was passed down to her by her aunt (**Exhibit L: Quit Claim Deed**).
All of the Beneficiary proceeds are to go to the True Beneficiary as the True law states that it
should.

*Sharon Renee [Lloyd]*                2 / 18 / 2016

Sharon Renee [Lloyd], ***In Propria Persona, Sui Juris***                Date
**UCC 1-103, UCC 1-308, UCC 3-501**

Sharon Renee [Lloyd], In Propria Persona, Sui Juris
c/o 327 N. Menard Avenue
Non Domestic
Chicago, Illinois [60644]
Real Land North America
(312) 852-1764

# EXHIBIT A

Calendar Number 59
Cook County ID #21762

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CHANCERY DIVISION

CitiMortgage, Inc.
### PLAINTIFF

Vs.

Emily Simmons; Capital One Bank (USA), N.A.; City of
Chicago; HSBC Finance Corporation; Unknown Owners
and Nonrecord Claimants
### DEFENDANTS

No. 12 CH 044870

327 N. Menard Avenue
Chicago, IL 60644

## JUDGMENT FOR FORECLOSURE AND SALE

THIS CAUSE having been duly heard by this Court upon the record herein on the merits of the
Complaint for Foreclosure filed by the Plaintiff and on Plaintiff's Motion for entry of Judgment for
Foreclosure and Sale, (hereinafter referred to as Judgment) the Court

**FINDS:**

    (1) **JURISDICTION:** The Court has jurisdiction over the parties hereto and the subject matter
hereof.

    (2) **ALLEGATIONS PROVEN:** This Judgment is fully dispositive of the interest of all
defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504,
those allegations being both required and those deemed alleged by virtue of subsection (c), are
true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage which is
the subject matter of these proceedings is extinguished and merged into Judgment and default
no longer exists, but has been replaced by Judgment, and that by virtue of the Mortgage, and the
evidences of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff,
and it has a valid subsisting lien on the property described hereafter, the following amounts:

| | |
|---|---|
| Principal, Accrued Interest and Advances by Plaintiff: | $136,564.27 |
| Costs of Suit: | $1,114.00 |
| Attorneys' Fees: | $1,711.00 |
| Interest at a rate of $18.72 from 02/08/2014 to 09/30/2014: | $4,399.20 |
| | |
| **TOTAL** | **$143,788.47** |

All the foregoing amounts have been accounted for in the Affidavit(s) filed by Plaintiff.

1

(3) **POST JUDGMENT INTEREST:** For the purposes of calculating Plaintiff's indebtedness at sale, interest shall accrue at 9% on the amount found due above pursuant to 735 ILCS 5/2-1303.

(4) **SUBORDINATE LIENS AND INTERESTS:**

(a) The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

(5) **ATTORNEY FEES:** By its terms said Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are attorneys' fees as set forth in the attorney's certificate in the sum of $1,711.00.

(6) **COURT COSTS:** Under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses incurred to date totaling $1,114.00 are hereby allowed to the Plaintiff.

(7) **ADVANCES:** That advances made subsequent to the execution of the affidavit of mortgagee in order to protect the lien of the Plaintiff and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums, any other fees, charges and expenses which are recoverable under the terms of the mortgage, and post Judgment attorneys fees incurred by the plaintiff and not included in this judgment, but incurred prior to the conclusion of this foreclosure action, shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the Note rate of interest.

(8) **PROPERTY FORECLOSED UPON:** The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder and/or Registrar for Cook County, Illinois, as Document No. 0719949126 Re-recorded 1227149012, and the property herein referred to and directed to be sold is described as follows:

LOT 13 (EXCEPT THE SOUTH 40 FEET THEREOF) AND THE SOUTH 40 FEET OF LOT 14 IN BLOCK 6 IN CONWAY'S RESUBDIVISION OF BLOCK 6 AND THE WEST PART OF BLOCK 5 (EXCEPT THE SOUTH 30 FEET IN FRINK'S RESUBDIVISION OF THE NORTH 36 1/4 ACRES OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 8, AND THE NORTH 36 1/4 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

COMMONLY KNOWN AS: 327 N. Menard Avenue
Chicago, IL 60644

2

TAX PARCEL NUMBER: 16-08-403-003

(9) **MORTGAGE NOTE:** The Mortgage herein referred to secures a Mortgage Note in the sum $118,000.00 which has been duly accelerated pursuant to the terms of the said subject note and mortgage.

(10)      **REDEMPTION:** The owner(s) of the equity of redemption are the mortgagors, property owners and any other party defendant named in the Complaint with the statutory right of redemption, with the exception of the Registrar of Titles, if named, and any party dismissed by order of Court.

(a) The subject real estate is Single Family Home as defined in 735 ILCS 5/15-1219.

(b) The Court has obtained jurisdiction over the owners of the right of redemption as set forth in The Attorney's Certificate of Service and Defaulted Parties.

(c) The redemption period will expire on the date as set forth in the provisions of 735 ILCS 5/15-1603(b).

(d) The redemption period will expire on **12/31/14.**

(11) Based upon the pleadings, proofs and admission(s), Plaintiff has standing, capacity and authority to maintain this cause.

(12) The pleadings and proofs presented in the cause are sufficient to support the entry of this judgment.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

(1) **JUDGMENT:** A Judgment for Foreclosure and Sale be entered pursuant to 735 ILCS 5/15-1506 against the subject property and all defendants not previously dismissed. The court finds that all attorney fees and costs requested herein are reasonable and allowable under the terms of the note and mortgage.

(2) **SALE:** The subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507.

(3) **SALE PROCEDURES:**

(a) The subject real estate shall be sold pursuant to statute at the expiration of the reinstatement period and the redemption period found to expire as set forth in paragraph 9 above.

(b) The Judicial Sale to be conducted pursuant to this Judgment for Foreclosure and Sale shall be by public auction. The opening bid shall be provided by the plaintiff and conducted by the Sheriff for Cook County or other Selling Officer as appointed by the Court and shall be conducted in full compliance with the statutory requirements

contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to provide the Sheriff for Cook County or other Selling Officer as appointed by the Court with its initial bid, then the Sheriff for Cook County or other Selling Officer as appointed by the Court shall continue the sale to a date as mutually agreed upon by the Sheriff of Cook County or other Selling Officer as appointed by the Court, and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

— (c) The real estate shall be sold for cash or certified funds to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff.

— (d) Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances and any existing defects in title. The Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of the Judicial Sale.

## (4) NOTICE OF SALE:

(a) The mortgagee, or such other party designated by the court, in a foreclosure under Article 15 shall give public Notice of the Sale pursuant to statute. The Notice of Sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or Counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice. The Notice of Sale shall contain at least the following information:

1. The name, address and telephone of the person to contact for information regarding the real estate.

2. The common address and other common description (other than legal description), if any, of the real estate.

3. A legal description of the real estate sufficient to identify it with reasonable certainty.

4. A description of the improvements on the real estate.

— 5. The real estate may NOT be inspected prior to sale.

6. The time and the place of the sale.

7. The terms of the sale.

8. The title, case number and the court in which the foreclosure was filed.

9. Any other information required herein or by separate order.

4

(b) The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and (B) separate advertisements in the section of such a newspaper, which may not be the same newspaper used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and (C) such other publications as may be further ordered by the court.

(c) The party who gives notice of public sale shall also give notice of public sale to all parties in the action who have appeared and have not heretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint; not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

(d) The party who gives notice of public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given.

(e) Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.

(f) The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

(5) **SALE PROCEEDS:**

(a) In the event the Plaintiff is purchaser of the mortgaged real estate at such sale, the Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for foreclosure at the statutory interest rate from the date of Judgment through the date of sale, plus any fees, costs and advances made after execution of the affidavit of mortgagee that was used in support of entry of this Judgment of Foreclosure and Sale, including , but not limited to any amounts allowed pursuant to the terms of the Note and Mortgage and any amounts allowed pursuant to 735 ILCS 5/15-1505 and 735 ILCS 5/15-1603.

(b) The proceeds of the sale shall be distributed in the following order pursuant to 735 ILCS 5/15-1512:

1. The reasonable expenses of sale.

2. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505 and other legal expenses incurred by the mortgagee.

3. Satisfaction of all claims in the order of priority as set forth in the Judgment for Foreclosure and Sale. If the issue of priorities was reserved pursuant to 735 ILCS 5/15-1506(h), the proceeds will be distributed as set forth in the order confirming sale.

4. Any balance of proceeds due after the above distribution shall be held by the officer conducting the sale until further order of court.

**(6) RECEIPT UPON SALE AND CERTIFICATE OF SALE:** Upon and at the sale of mortgaged real estate, the person conducting the sale shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. Upon payment in full of the amount bid, the person conducting the sale shall issue, in duplicate, and give to the purchaser a Certificate of Sale in recordable form which describes the real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable.

**(7) REPORT OF SALE:** The person conducting the sale shall promptly make a report to the court. The report of sale may be prepared by the Plaintiff to be reviewed and executed by the person conducting the sale and the person conducting the sale shall submit or cause to be submitted the report for review by the court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

**(8) CONFIRMATION OF SALE:** Upon motion and notice in accordance with court rules applicable to motions generally, the court shall conduct a hearing to confirm the sale pursuant 735 ILCS 5/15-1508. The mortgagee, or such other party designated by this court, shall send notice of such hearing.

(a) Unless the court finds that either a notice required in accordance with 735 ILCS 5/15-1507(c) was not given, that the terms of the sale were unconscionable, that the sale was conducted fraudulently, or that justice was otherwise not done, the court shall then enter an order confirming the sale.

(b) The order confirming the sale shall include an order for possession which shall become effective 30 days after entry. The order for possession may be included in the

6

order confirming sale or may be by separate order to be entered at the time of sale confirmation.

(c) If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court shall enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. The Court shall enter an In Rem deficiency Judgment if it finds there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the court.

(9) **TERMINATION OF SUBORDINATE INTERESTS:** In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and for each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

(a) This Judgment and all orders entered pursuant to said judgment are valid as stated above. The inadvertent failure to name a subordinate record claimant will not invalidate this judgment. Should such a record party not be party to this action, the Plaintiff may take title and file a subsequent action to determine the redemptive rights of such a party. Plaintiff may amend the complaint for foreclosure to name such a party if it is made aware of the claim prior to the judicial sale without affecting the validity of the judgment as to the other defendants. Should such a claimant not exercise its redemptive rights within the stated time, they shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem or otherwise enforce its claim against the subject property.

(10) **ISSUANCE OF DEED:** After the expiration of the mortgagor's reinstatement and redemption rights, payment of the purchase price by the successful bidder and confirmation of the sale, the person conducting the sale shall execute and issue a deed to the owner and holder of the Certificate of sale pursuant to 735 ILCS 5/15-1509. Delivery of the deed shall be sufficient to pass title and will bar all claims of parties to the foreclosure including unknown owners and Non-record Claimants.

(11) **JURISDICTION:** The Court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in paragraph (9) of this Judgment.

(12) A copy of this judgment shall be mailed to the mortgagors and current owners(s) at their last known mailing address within 7 days.

7

(13) Pursuant to 735 ILCS 5/15-1506(f), IT IS HEREBY ORDERED that THE JUDICIAL SALES CORPORATION is appointed Selling Officer for the purpose of the sale at public auction of the property that is the subject matter of this action, pursuant to the Judgment for Foreclosure and Sale entered herein, and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to give public notice of sale pursuant to 735 ILCS 5/15-1507(c); and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to send notice of motion for entry of an order approving report of sale and distribution, confirming sale and order of possession, pursuant to 735 ILCS 5/15-1508(6);

ENTER:_____
Judge

DATED:_____

Rachel Meerkov
Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762
14-12-16774

Judge Anna M. Loftus

SEP 3 0 2014

Circuit Court - 2102

8

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT 1ST DISTRICT

Federal National Mortgage Association
      Plaintiff

                v.

Unknown Occupants
              Defendant

No. 15 M1 716968

### SEALING ORDER

This cause coming on to be heard on the motion of the Plaintiff, to seal the record pursuant to 735 ILCS 5/15-1701(h)(6), the court being advised in the premises.

IT IS HEREBY ORDERED THAT;

The court records relating to this case are hereby sealed pursuant to 735 ILCS 5/15-1701 (h)(6). Plaintiff shall be entitled to obtain a certified copy of the order for possession.

Associate Judge Martin Paul Moltz

Date entered    SEP 1 7 2015

Entered:    Circuit Court 1960

Codilis & Associates, P.C.
Attorney for Plaintiff(s)
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-12-16774

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT 1ST DISTRICT

Federal National Mortgage Association
          Plaintiff

               v.

      No. 15 M1 716968

Unknown Occupants
          Defendant

### ORDER FOR POSSESSION

This cause coming on to be heard upon the complaint of the plaintiff, Federal National Mortgage Association, and the issues thereof having been heard and determined by the court and said the court having found that the plaintiff Federal National Mortgage Association is entitled to the possession of the premises described herein.

It is therefore ordered and adjudged:

1. That the plaintiff have and recover of and from the defendant, Unknown Occupants , the possession of the following described premises:
   327 N. Menard Avenue

   Chicago, IL 60644

2. The Sheriff of Cook County is directed to evict and dispossess Unknown Occupants , from the premises commonly known as:
   327 N. Menard Avenue

   Chicago, IL 60644

3. Enforcement of this judgment is stayed until _____ 9/24/15 _____

*Associate Judge Martin Paul Moltz*

SEP 1 7 2015
Circuit Court 1960

I hereby certify the above to be correct.

Dated _____
      (Seal of Clerk of Circuit Court)

Date entered _____

Enter: _____
              Judge

Codilis & Associates, P.C.
Attorney for     Plaintiff(s)
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-12-16774

# EXHIBIT C

# EXHIBIT D

3303
(7/08/10) CCG N003

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Federal National Mortgage Association_

v.                                                    No. _15 M1 716168_

_(defendant) Shawn Renee Lloyd_

## NOTICE OF MOTION

To: _Codilis Associates, PC_

_15W030 North Frontage Rd Suite 100_

_Burr Ridge Illinois 60527_

On _September 28, 2015_, at _2:00_ ~~a.m~~ **p.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable _Martin Paul Moltz_ or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at _Daley Center Courtroom 1406_ _55 W. Washington_ _Chicago_, Illinois, and present

Name _____  Atty. No. _____  **Pro Se  99500**

Address _____  Attorney for _____

City/State/Zip _____  Telephone _____

### ☐ PROOF OF SERVICE BY DELIVERY

I, _____, ☐ the attorney ☐ non-attorney certify that on the _____ day of _____, _____, I served this notice by delivering a copy personally to each person to whom it is directed.

Date _____, _____

Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, _Shawn Renee Lloyd_, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to _Codilis Associates PC_ at _15W030 North Frontage Rd Suite 100_

(address on envelope)

and depositing the same in the U.S. Mail at _Burr Ridge_, _Daley Center_ _Walter_

(place of mailing)

at _2:00_ ~~a.m.~~ **p.m.** on the _17_ day of _September_, _2015_, with proper postage prepaid.

Date _September 17, 2015_

_Shawn Renee Lloyd_

Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, _____ ☐ the attorney ☐ non-attorney certify that on the _____ day of _____, _____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (_____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. _____, at _____ a.m./p.m., from _____.

(Place)

Date _____, _____

Signature/Certification

NOTE:  If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPYORIGINAL - COURT FILE

**Motion - General Form** (This form replaces CCMD-39)                    (2/24/05) CCG N702

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FEDERAL NATIONAL MORTGAGE ASSOCIATION
_____
**Plaintiff(s)**

v.                                          No. 15 M1 716968

(Unknown) Sharon Renee [Lloyd]
_____
**Defendant(s)**

FILED B-17
2015 SEP 17 AM 11:35
DOROTHY BROWN
CLERK OF THE CIRCUIT CT
OF COOK COUNTY, IL

TO: CODILIS & ASSOCIATES, P.C.  15 W030 North Frontage Rd 100
Burr Ridge, IL. 60527

**MOTION BY** Sharon Renee [Lloyd] **FOR** New Court Date

In Sharon Renee/ In Propria Persona is petitioning a new court date due to CODILIS & Associates, PC. was a hour late and then when Judge Martin Paul Multz called another case CODILIS & ASSOCIATES, PC. were there to represent; the attorney for CODILIS & ASSOCIATES, PC mentioned to the judge she was there for my case as well and she discussed this case with the judge without me being recalled to the bench. The attorney for CODILIS & Associates heard the case called the 1st time and the attorney let me stand up here thinking she did not have this case.

**I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.**

Dated: September 17, 2015          Sharon Renee [Lloyd]
                                    **Attorney Certification**
                                    UCC 1-103, UCC 1-308, UCC 5-501

Atty. No.: _____
Name: Sharon Renee [Lloyd]
Atty. for: In Propria Persona
Address: c/o 327 W. Marquette Ave
City/State/Zip: Chicago IL [60621]
Telephone: (312) 883-1764

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution-White: 1. ORIGINAL-COURT FILE  Canary: 2. COPY 1  Pink: 3. COPY 2  Gold: 4. COPY 3

# EXHIBIT E

Order                                                                    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FEDERAL NATIONAL MORTGAGE ASSOC.

**v.**                                                    No. 15 M1 716968

Shawn Lenee [Lloyd]

## ORDER

Vacate the Order of 9/17/16 and XIJ.
10-6-2015, for status hearing. Is continued
for 9:30am

                                    SEP 2 8 2015
                                    Circuit Court 19

Atty. No.: _____

Name: Shawn Lenee [Lloyd]                ENTERED:

Atty. for: In Propria Persona                        SEP ___ 2015
                                                     Circuit Court 19
Address: 327 N. Menard Avenue          Dated: _____  _____

City/State/Zip: Chicago, Illinois 60644

Telephone: (312) 83_-1161              _____  _____
                                        Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution – White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT F

Order                                                    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FEDERAL NATIONAL MORTGAGE Assc.

v.                                    No. 15 M1 716968

Dawn Renee Lloyd

### ORDER

DWP, as of 10/6/15.

Atty. No.: In Propria Persona

Name: Dawn Renee Lloyd                 ENTERED:

Atty. for:                             Associate Judge Martin Paul Moltz

Address: c/o 327 N. Maxwell Avenue     Dated: OCT 0 6 2015

City/State/Zip: Chicago, Illinois [60644]     Circuit Court 1968

Telephone: (312) 852-1764             Judge                    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT G

Order                                                          (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Federal National Mortgage Assn

v.                                          No. 15 M1 716968

Unknown Occupants, et al

### ORDER

This matter, coming to be heard on Plaintiff's Motion
to Vacate the Dismissal for Want of Prosecution,
due notice given, and the Court being duly advised
in the premises;

It is hereby ordered:
① This matter is stricken as the court lacks jurisdiction

Atty. No.: 2766

Name: Cosco & Associates PC                    ENTERED:

Atty. for: Plaintiff

Address: 15W00 N Frontage Rd                   Dated: _____, _____

City/State/Zip: Burr Ridge IL 60577                JAN 28 2016

Telephone: (630) 794 5300                      _____
                                               Judge              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT H

JUSTICE NEWS

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                     Thursday, February 9, 2012

**Federal Government and State Attorneys General Reach $25 Billion Agreement with Five Largest
Mortgage Servicers to Address Mortgage Loan Servicing and Foreclosure Abuses**

WASHINGTON – U.S. Attorney General Eric Holder, Department of Housing and Urban Development (HUD)
Secretary Shaun Donovan, Iowa Attorney General Tom Miller and Colorado Attorney General John W. Suthers
announced today that the federal government and 49 state attorneys general have reached a landmark $25
billion agreement with the nation's five largest mortgage servicers to address mortgage loan servicing and
foreclosure abuses.  The agreement provides substantial financial relief to homeowners and establishes
significant new homeowner protections for the future.

The unprecedented joint agreement is the largest federal-state civil settlement ever obtained and is the result
of extensive investigations by federal agencies, including the Department of Justice, HUD and the HUD Office
of the Inspector General (HUD-OIG), and state attorneys general and state banking regulators across the
country.  The joint federal-state group entered into the agreement with the nation's five largest mortgage
servicers: Bank of America Corporation, JPMorgan Chase & Co., Wells Fargo & Company, Citigroup Inc. and
Ally Financial Inc. (formerly GMAC).

"This agreement – the largest joint federal-state settlement ever obtained – is the result of unprecedented
coordination among enforcement agencies throughout the government," said Attorney General Holder.  "It
holds mortgage servicers accountable for abusive practices and requires them to commit more than $20 billion
towards financial relief for consumers.  As a result, struggling homeowners throughout the country will benefit
from reduced principals and refinancing of their loans.  The agreement also requires substantial changes in
how servicers do business, which will help to ensure the abuses of the past are not repeated."

"This historic settlement will provide immediate relief to homeowners – forcing banks to reduce the principal
balance on many loans, refinance loans for underwater borrowers, and pay billions of dollars to states and
consumers," said HUD Secretary Donovan. " Banks must follow the laws.  Any bank that hasn't done so
should be held accountable and should take prompt action to correct its mistakes.  And it will not end with this
settlement.  One of the most important ways this settlement helps homeowners is that it forces the banks to
clean up their acts and fix the problems uncovered during our investigations.  And it does that by committing
them to major reforms in how they service mortgage loans.  These new customer service standards are in
keeping with the Homeowners Bill of Rights recently announced by President Obama – a single,
straightforward set of commonsense rules that families can count on."

"This monitored agreement holds the banks accountable, it provides badly needed relief to homeowners, and it transforms the mortgage servicing industry so now homeowners will be protected and treated fairly," said Iowa Attorney General Miller.

"This settlement has broad bipartisan support from the states because the attorneys general realize that the partnership with the federal agencies made it possible to achieve favorable terms and conditions that would have been difficult for the states or the federal government to achieve on their own," said Colorado Attorney General Suthers.

The joint federal-state agreement requires servicers to implement comprehensive new mortgage loan servicing standards and to commit $25 billion to resolve violations of state and federal law. These violations include servicers' use of "robo-signed" affidavits in foreclosure proceedings; deceptive practices in the offering of loan modifications; failures to offer non-foreclosure alternatives before foreclosing on borrowers with federally insured mortgages; and filing improper documentation in federal bankruptcy court.

Under the terms of the agreement, the servicers are required to collectively dedicate $20 billion toward various forms of financial relief to borrowers. At least $10 billion will go toward reducing the principal on loans for borrowers who, as of the date of the settlement, are either delinquent or at imminent risk of default and owe more on their mortgages than their homes are worth. At least $3 billion will go toward refinancing loans for borrowers who are current on their mortgages but who owe more on their mortgage than their homes are worth. Borrowers who meet basic criteria will be eligible for the refinancing, which will reduce interest rates for borrowers who are currently paying much higher rates or whose adjustable rate mortgages are due to soon rise to much higher rates. Up to $7 billion will go towards other forms of relief, including forbearance of principal for unemployed borrowers, anti-blight programs, short sales and transitional assistance, benefits for service members who are forced to sell their home at a loss as a result of a Permanent Change in Station order, and other programs. Because servicers will receive only partial credit for every dollar spent on some of the required activities, the settlement will provide direct benefits to borrowers in excess of $20 billion.

Mortgage servicers are required to fulfill these obligations within three years. To encourage servicers to provide relief quickly, there are incentives for relief provided within the first 12 months. Servicers must reach 75 percent of their targets within the first two years. Servicers that miss settlement targets and deadlines will be required to pay substantial additional cash amounts.

In addition to the $20 billion in financial relief for borrowers, the agreement requires the servicers to pay $5 billion in cash to the federal and state governments. $1.5 billion of this payment will be used to establish a Borrower Payment Fund to provide cash payments to borrowers whose homes were sold or taken in foreclosure between Jan. 1, 2008 and Dec. 31, 2011, and who meet other criteria. This program is separate from the restitution program currently being administered by federal banking regulators to compensate those who suffered direct financial harm as a result of wrongful servicer conduct. Borrowers will not release any claims in exchange for a payment. The remaining $3.5 billion of the $5 billion payment will go to state and federal governments to be used to repay public funds lost as a result of servicer misconduct and to fund housing counselors, legal aid and other similar public programs determined by the state attorneys general.

The $5 billion includes a $1 billion resolution of a separate investigation into fraudulent and wrongful conduct by Bank of America and various Countrywide entities related to the origination and underwriting of Federal Housing Administration (FHA)-insured mortgage loans, and systematic inflation of appraisal values concerning these loans, from Jan. 1, 2003 through April 30, 2009. Payment of $500 million of this $1 billion will be deferred to partially fund a loan modification program for Countrywide borrowers throughout the nation who are underwater on their mortgages. This investigation was conducted by the U.S. Attorney's Office for the Eastern District of New York, with the Civil Division's Commercial Litigation Branch of the Department of Justice, HUD and HUD-OIG. The settlement also resolves an investigation by the Eastern District of New York, the Special Inspector General for the Troubled Asset Relief Program (SIGTARP) and the Federal Housing Finance Agency-Office of the Inspector General (FHFA-OIG) into allegations that Bank of America defrauded the Home Affordable Modification Program.

The joint federal-state agreement requires the mortgage servicers to implement unprecedented changes in how they service mortgage loans, handle foreclosures, and ensure the accuracy of information provided in federal bankruptcy court. The agreement requires new servicing standards which will prevent foreclosure abuses of the past, such as robo-signing, improper documentation and lost paperwork, and create dozens of new consumer protections. The new standards provide for strict oversight of foreclosure processing, including third-party vendors, and new requirements to undertake pre-filing reviews of certain documents filed in bankruptcy court.

The new servicing standards make foreclosure a last resort by requiring servicers to evaluate homeowners for other loss mitigation options first. In addition, banks will be restricted from foreclosing while the homeowner is being considered for a loan modification. The new standards also include procedures and timelines for reviewing loan modification applications and give homeowners the right to appeal denials. Servicers will also be required to create a single point of contact for borrowers seeking information about their loans and maintain adequate staff to handle calls.

The agreement will also provide enhanced protections for service members that go beyond those required by the Servicemembers Civil Relief Act (SCRA). In addition, the four servicers that had not previously resolved certain portions of potential SCRA liability have agreed to conduct a full review, overseen by the Justice Department's Civil Rights Division, to determine whether any servicemembers were foreclosed on in violation of SCRA since Jan. 1, 2006. The servicers have also agreed to conduct a thorough review, overseen by the Civil Rights Division, to determine whether any servicemember, from Jan. 1, 2008, to the present, was charged interest in excess of 6% on their mortgage, after a valid request to lower the interest rate, in violation of the SCRA. Servicers will be required to make payments to any servicemember who was a victim of a wrongful foreclosure or who was wrongfully charged a higher interest rate. This compensation for servicemembers is in addition to the $25 billion settlement amount.

The agreement will be filed as a consent judgment in the U.S. District Court for the District of Columbia. Compliance with the agreement will be overseen by an independent monitor, Joseph A. Smith Jr. Smith has served as the North Carolina Commissioner of Banks since 2002. Smith is also the former Chairman of the Conference of State Banks Supervisors (CSBS). The monitor will oversee implementation of the servicing standards required by the agreement; impose penalties of up to $1 million per violation (or up to $5 million for certain repeat violations); and publish regular public reports that identify any quarter in which a servicer fell

short of the standards imposed in the settlement.

The agreement resolves certain violations of civil law based on mortgage loan servicing activities. The agreement does not prevent state and federal authorities from pursuing criminal enforcement actions related to this or other conduct by the servicers. The agreement does not prevent the government from punishing wrongful securitization conduct that will be the focus of the new Residential Mortgage-Backed Securities Working Group. The United States also retains its full authority to recover losses and penalties caused to the federal government when a bank failed to satisfy underwriting standards on a government-insured or government-guaranteed loan. The agreement does not prevent any action by individual borrowers who wish to bring their own lawsuits. State attorneys general also preserved, among other things, all claims against the Mortgage Electronic Registration Systems (MERS), and all claims brought by borrowers.

Investigations were conducted by the U.S. Trustee Program of the Department of Justice, HUD-OIG, HUD's FHA, state attorneys general offices and state banking regulators from throughout the country, the U.S. Attorney's Office for the Eastern District of New York, the U.S. Attorney's Office for the District of Colorado, the Justice Department's Civil Division, the U.S. Attorney's Office for the Western District of North Carolina, the U.S. Attorney's Office for the District of South Carolina, the U.S. Attorney's Office for the Southern District of New York, SIGTARP and FHFA-OIG. The Department of Treasury, the Federal Trade Commission, the Consumer Financial Protection Bureau, the Justice Department's Civil Rights Division, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency, the Department of Veterans Affairs and the U.S. Department of Agriculture made critical contributions.

For more information about the mortgage servicing settlement, go to www.NationalMortgageSettlement.com. To find your state attorney general's website, go to www.NAAG.org and click on "The Attorneys General."

The joint federal-state agreement is part of enforcement efforts by President Barack Obama's Financial Fraud Enforcement Task Force. President Obama established the interagency Financial Fraud Enforcement Task Force to wage an aggressive, coordinated and proactive effort to investigate and prosecute financial crimes. The task force includes representatives from a broad range of federal agencies, regulatory authorities, inspectors general and state and local law enforcement who, working together, bring to bear a powerful array of criminal and civil enforcement resources. The task force is working to improve efforts across the federal executive branch, and with state and local partners, to investigate and prosecute significant financial crimes, ensure just and effective punishment for those who perpetrate financial crimes, combat discrimination in the lending and financial markets, and recover proceeds for victims of financial crimes. For more information about the task force, visit: www.stopfraud.gov.

12-186$25 Billion Agreement Provides Homeowner Relief & New Protections,      Office of the Attorney General
Consumer ProtectionStops Abuses
StopFraud

*Updated October 22, 2014*

# EXHIBIT I

## History of Transactions

The transactions in this diagram are presented in chronological order:

| Promissory Note | | Deed of Trust | |
|---|---|---|---|
| Date | Particulars | Date | Particulars |
| July 5, 2007 | Loan Granting CitiMortgage, Inc. Originating Lender | July 5, 2007 | Execution of Deed CitiMortgage, Inc., Mortgagee MERS, Beneficiary |
| July 31, 2007 | Sale, Securitization Citigroup Global Markets Realty Corp. Securitization Seller | | |
| July 31, 2007 | Simultaneous Sale, Securitization Citigroup Mortgage Loan Trust, Inc. Securitization Depositor | | |
| July 31, 2007 | Assignment, Securitization US Bank, NA, Trustee for Citigroup Mortgage Loan Trust 2007-AR8 | | |

The Promissory Note and the Deed of Trust should be in the possession of US Bank, NA as trustee for the mentioned securitization trust pursuant to Section 2.02, Acceptance of the Trust Fund by the Trustee, of the Pooling and Servicing Agreement dated July 1, 2007. However, the Deed of Trust could be in the possession of Mortgage Electronic Registration Systems, Inc. It was created to eliminate the need for executing and recording the assignment of mortgages, with the idea that it would be the beneficiary on record (see separate Report on MERS).

Whether or not the Promissory Note bears the proper endorsements, and the Deed of Trust the proper assignments, could be ascertained only upon actual inspection of these documents.

# EXHIBIT J

# Borrower uses promissory note to pay mortgage debt

**By Darren Skelton**

DURING home repossession hearings in a Civil Motions Court, a Waterford man appearing on behalf of his unwell sister, left a Bank of Ireland representative lost for words as he explained that the debt they owed had been paid via a promissory note.

During the day, a number of financial institutions, including Bank of Ireland, Ulster Bank and Permanent TSB were seeking rulings and repossessions against borrowers who had fallen into difficulties with their repayments.

In a Motions Court the County Registrar has the power to order a repossession but can also order adjournment, notice to third parties or more time to file affidavits.

Case after case, borrowers told the court of how their circumstances had changed and they were no longer able to keep up with the substantial repayments. Each time, they were told that this was not a defence against them losing their home. Until that

is, the case of the promissory note arose.

Promissory notes were catapulted into the spotlight when, in 2010, the then Finance Minister, the late Brian Lenihan wrote a promissory note to Anglo Irish Bank and Irish Nationwide (now IBRC) - basically giving them €31 billion, which the banks then used as collateral to borrow from the Central Bank of Ireland's emergency liquidity fund.

Addressing the hearing, David Walsh, representing his sister quoted the 1882 Bills of Exchange Act, which considered a Promissory Note to be the same thing as cash. David quoted a judgement by the late Lord Denning, which stated that "a Bill of Exchange or a Promissory Note is to be treated as cash. It is to be honoured unless there is some good reason to the contrary."

He added, "The debt has been paid in full. The debt of exchange has been signed, sealed and delivered, in private, to the bank. It is not fair that the banks are using the legal system, which is sup-

posed to be used to protect the innocent and punish the guilty, to take action against ordinary decent people."

Responding to Mr Walsh county registrar, Niall Rooney, confirmed that this was a valid defence against the actions being sought by the Bank of Ireland. "As county registrar, once you put forward a defence, I lose my jurisdiction and would have to put it forward to a Circuit Court judge. On the basis of what you're saying, you may well indeed be 100% right but that is up to the Circuit Court judge to decide." Mr Rooney then adjourned the case until the next Civil Court sittings in March, during which time Mr. Walsh said that "the banks may want to drop the case."

Speaking to the Waterford News & Star after the hearing, David Walsh said that he would happily accept the verdict of the court, as long as it applied across the board. "The Irish Government and the banks that created the recession cannot pick and choose when it is okay to issue a promissory note," Mr Walsh said.

# EXHIBIT K

STATE OF ILLINOIS<br>
COUNTY OF COOK } ss:

I,_____ Marla Framarin _____ a Notary Public in and for said County,

in the State aforesaid, DO HEREBY CERTIFY that_____ Corinne Bek _____

Assistant Vice President of LA SALLE NATIONAL BANK, and_____ Clifford Scott-Ludnick _____
Assistant Secretary thereof, personally known to me to be the same persons whose names are
subscribed to the foregoing instrument as such Assistant Vice President and Assistant Secretary
respectively, appeared before me this day in person and acknowledged that they signed and delivered
said instrument as their own free and voluntary act, and as the free and voluntary act of said Bank, for
the uses and purposes therein set forth; and said Assistant Secretary did also then and there acknowledge
that he as custodian of the corporate seal of said Bank did affix said corporate seal of said Bank to said
instrument as his own free and voluntary act, and as the free and voluntary act of said Bank for the
uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this____7____day of __July__ A. D. 19 8 7

_____ Marla Framarin _____
NOTARY PUBLIC

My Commission Expires April 28, 1990

87393869

COOK COUNTY, ILLINOIS
FILED FOR RECORD

1987 JUL 16 PM 2: 43

87393869

Box No.............

**TRUSTEE'S DEED**
(IN JOINT TENANCY)

ADDRESS OF PROPERTY

**LaSalle National Bank**
TRUSTEE
TO

**BOX 333 - GG -/-**

**LaSalle National Bank**
135 South La Salle Street
CHICAGO, ILLINOIS 60690

MAIL TO: ERIC GIBSON
503 S. OAK PARK AVE.
SUITE 11
OAK PARK, IL. 60304

8028 AP

87393869

# This Indenture, Made this ___7th___ day of ___July___ A. D. 19_87_,

between **LA SALLE NATIONAL BANK**, a national banking association, Chicago, Illinois, as Trustee

under the provisions of a Deed or Deeds in Trust, duly recorded and delivered to said Bank in

pursuance of a trust agreement dated the ___8th___ day of ___February___,

19_72_, and known as Trust Number ___10-25896-09___, party of the first part, and

Lee A. Davis, divorced and not since remarried and _____, parties of the second part.
Emily Simmons, an unmarried person,

(Address of Grantee(s)_____ 327 N. Menard, Chicago, IL _____

**13** 00

WITNESSETH, that said party of the first part, in consideration of the sum of_____

_____ Ten and 00/100------------------------Dollars ($10.00 _____),

and other good and valuable considerations in hand paid, does hereby grant, sell and convey unto said

parties of the second part, not as tenants in common, but as joint tenants, the following described

real estate, situated in_____ Cook _____County, Illinois, to wit:

### See legal description attached hereto and made a part hereof

STATE OF ILLINOIS
REAL ESTATE TRANSFER TAX
JUL 16'97 DEPT. OF REVENUE
P.B. 10686
≡ 2 1. 75

Cook County
REAL ESTATE TRANSACTION TAX
REVENUE STAMP JUL 16'97
P.B. 11427
≡ 2 1. 75

CITY OF CHICAGO
REAL ESTATE TRANSACTION TAX
≡ 2 1. 75 0

Street Address: 327 N. Menard, Chicago, IL

together with the tenements and appurtenances thereunto belonging.

Permanent Real Estate Index No._____ 16-08-403-003-0000   H GOA 11- DIC

TO HAVE AND TO HOLD the same unto said parties of the second part not in tenancy in

common, but in joint tenancy, and to the proper use, benefit and behoof of said parties of the

second part forever.

Subject to: Case pending in the Chancery Division of the Circuit Court of
Cook County-- Case Number 87CH4933

This Deed is executed pursuant to and in the exercise of the power and authority granted to and
vested in said Trustee by the terms of said Deed or Deeds in Trust delivered to said Trustee in
pursuance of the trust agreement above mentioned. This Deed is made subject to the lien of every
Trust Deed or Mortgage (if any there be) of record in said county affecting said real estate or any part
thereof given to secure the payment of money and remaining unreleased at the date of the delivery
hereof.

IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto
affixed, and has caused its name to be signed to these presents by its Assistant Vice President and
attested by its Assistant Secretary, the day and year first above written.

**ATTEST:**

_____
Assistant Secretary

**LaSalle National Bank**

as Trustee as aforesaid,

by _____
Assistant Vice President

| This instrument was prepared by: | La Salle National Bank |
|---|---|
| Clifford Scott-Rudnick | Real Estate Trust Department |
| | 135 S. La Salle Street |
| | Chicago, Illinois 60690 |

CSR/mf

# EXHIBIT L

EXHIBIT A 1of2

# QUIT CLAIM DEED
## ILLINOIS STATUTORY

MAIL TO:

CITIMORTGAGE
CODILIS & ASSOCIATES, P.C.
15W030 North Frontage Road – Suite 100
Burr Ridge, Illinois 60527
(630) 794-5300



NAME & ADDRESS OF TAX PAYER

Emily Simmons
c/o 327 N. Menard Avenue
Non Domestic
Chicago, Illinois [60644]
Real Land North America

## *THE GRANTOR*

**Emily Simmons**, of Cook County of the State of Illinois for and in consideration of Ten ($10.00)
DOLLARS and other good and valuable consideration(s) in hand paid, CONVEY AND QUIT CLAIM to
**Sharon Renee [Lloyd]** of the Cook County of the State of Illinois, all interest in the following described
real estate situated in the County of Cook, in the State of Illinois, to wit:

## LEGAL DESCRIPTION:

File No:  7001829
Property Address: 327 North Menard Avenue, Chicago, Illinois [60644]

LOT 13 (EXCEPT THE SOUTH 40 FEET THEREOF) AND THE SOUTH 40 FEET OF LOT 14 IN
BLOCK 6 IN CONWAY'S RESUBDIVISION OF BLOCK 6 AND THE WEST PART OF BLOCK 3
(EXCEPT THE SOUTH 30 FEET IN FRINK'S RESUBDIVISION OF THE NORTH 36 ¼ ACRES OF
THE EAST ½ OT THE SOUTHEAST ¼ OF SECTION 8, AND THE NORTH 36 ¼ ACRES OF THE
WEST ½ OF THE SOUTHWEST ¼ OF SECTION 9, TOWNSHIP 39 NORTH, RANOE 13 EAST OF
THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLNOIS.

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the
State of Illinois. TO HAVE AND TO HOLD the above granted premises unto the parties of the second
part forever, not as joint tenants or tenants by the entirety, but as tenants in common.



EXHIBIT A 2of2

Permanent Index Number: 16-08-403-003-0000
Property Address: 327 North Menard Ave Chicago Illinois [60644]
Dated this ____ day of September, 2014

*Emily Simmons*                          *Debbie Harrison*
_____          _____
Emily Simmons                              Notary Signature

Notary Public: My commission expires: *Feb 25, 2018*

STATE OF ILLINOIS    )
                     ) SS
County of Cook       )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, CERTIFY THAT, Sharon Renee [Lloyd] personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the instrument as free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

*Sharon Renee [Lloyd]*  Date  10-7-14
_____
Sharon Renee [Lloyd]

Given under my hand and notaries seal, this 7 day of September, 2014.

*B. Alvarez*    Oct.

**Notary Public**
My commission expires on NOV 09 2016 .

NAME AND ADDRESS OF PREPARER:

Sharon Renee [Lloyd]
c/o 327 North Menard Avenue
Non Domestic
Chicago, Illinois [60644]
Real Land North America



ROSA ALVAREZ
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
November 09, 2016

# Power of Attorney

I, _Emily Simmons_ , give _Sharon Lloyd_ power of attorney over said property _327 N. Menard Ave_ .
She will be the contact person when it comes to the property and she will be the one who will be making all decisions from this point forward for this property. She is currently enjoying the property and caring for it. Sharon will also be working on my behalf when it comes to straightening out the legal situations concerning said property (327 N Menard Ave, Chicago, IL 60644). She can sign all documents for me in her name or mine when it comes to submitting documents for the property. After the mortgage and legal issues concerning the property is resolved Sharon Lloyd will be the rightful owner of 327 N Menard Ave. Chicago, IL 60644.

This document is a legal document once notarized. To contact Sharon Lloyd in regards to said property, 327 N Menard Ave, Chicago, IL 60644, continue sending the mail to the property and she can be contacted by calling 773-626-5204.

Present Owner: _Emily Simmons_ Date: _06-07-12_

Future Owner: _Sharon Lloyd_ Date: _6-7-12_

Witness/Notary: _Wanda Geanes_ Date: _06-07-12_

OFFICIAL SEAL
WANDA GEANES
Notary Public - State of Illinois
My Commission Expires Jun 10, 2014

RECEIVED

FEB 1 8 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Sharon Renee [Lloyd],
               Plaintiff

Vs.

CITIMORTGAGE, INC, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, FANNIE MAE,
CODILIS & ASSOCIATION, PC,
and Judge Anna M. Loftus,
               Defendants

16 CV 2374
JUDGE CASTILLO
MAGISTRATE JUDGE COLE

**NOTICE OF FILING**

TO: CODILIS & ASSOCIATES, P.C.
     15W030 North Frontage Road – Suite 100
     Burr Ridge, Illinois 60527
     (630) 794-5300

     PLEASE TAKE NOTICE that on February 16, 2016 the undersigned filed this NOTICE OF FILING COMPLAINT, MEMORANDUM OF LAW, AFFIDAVIT, and SPECIAL APPEARNCE in the NORTHERN DISTRICT by Sharon Renee [Lloyd]/Executor/Beneficiary with the CLERK OF THE COURT, ILLINOIS and a copy is hereby served upon you.

**PROOF OF SERVICE**

     I/ Sharon Renee [Lloyd] certify that a copy of this document was mailed U.S. Postal on February ___, 2016 before 5:00 p.m. (with proper postage prepaid).

_Sharon Renee [Lloyd]_          2/18/2016
Sharon Renee [Lloyd], *In Propria Persona, Sui Juris*       Date
**UCC 1-103, UCC 1-308, UCC 3-501**

Sharon Renee [Lloyd], In Propria Persona, Sui Juris
c/o 327 N. Menard Avenue
Non Domestic
Chicago, Illinois [60644]
Real Land North America
(312) 852-1764

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Sharon Renee [Lloyd]
_____
Plaintiff(s)

vs.

Federal National Mortgage Association,
a/k/a Fannie Mae, Codilis & Associates, P.C.,
Anna M. Loftus, & Citimortgage, Inc.
_____
Defendant(s)

CASE NO. 16 CV 2374

JUDGE CASTILLO

JUDGE: MAGISTRATE JUDGE COLE

**PROOF OF SERVICE**

TO:  Codilis & Associates, PC
     15 W030 North Frontage Rd - Suite 100
     Burr Ridge, Illinois 60527

TO:  _____
     _____
     _____

I, the undersigned (plaintiff/defendant), certify that on the 18 day of February,
20 16 I served a copy of this ___Complaint___ to each person whom it is
directed by way of ___mail___ .

Signature ___Sharon [Lloyd]___
Name ___Sharon Lloyd___
Address ___c/o 327 North Menard Ave.___
City/Zip ___Chicago, IL 60644___
Telephone ___(312) 852- 1764___